United States District Court
Southern District of Texas
**ENTERED**
July 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLENN KINGHAM, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-619 |
| § | |
| T PHAM, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Glenn Kingham filed a complaint under 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. On August 2, 2016, this Court dismissed several named defendants from this case. (Doc. # 15). On September 20, 2016, the remaining defendants, police officers Tony Phan and Sylvia Sosa, moved to dismiss the complaint for failure to state a claim on which relief can be granted. (Doc. # 19) Kingham responded on October 11, and November 28, 2016. For the reasons stated below, the motion to dismiss is granted.

**I.    Background**

Kingham alleges that the two remaining defendants falsely accused him of speeding, arrested him without probable cause, damaged his property, and committed perjury. He alleges that the false arrest and property damage occurred on December 18, 2012, and the alleged perjury occurred on November 5 and 6, 2013. Plaintiff's More Definite Statement (Doc. # 12) at 3-5; Motion to Dismiss, Exhibits A and B. He filed his complaint on February 25, 2016.

## II. Analysis

### A. Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B. Statute of Limitations

Defendants argue, *inter alia*, that Kingham's claims are barred by the statute of limitations.

> Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years.

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Kingham alleges that the false arrest and property damage occurred on December 18, 2012, and the alleged perjury occurred on November 5 and 6, 2013. Therefore, the limitations period on Kingham's false arrest and property damage claims expired on December 18, 2014, and the limitations period on any claims arising from the alleged perjury expired on November 6, 2015. Kingham's complaint is dated February 25, 2016, and was received by the Clerk's Office on March 9, 2016. *See* Complaint (Doc. # 1) at 1, 5. It is untimely.

Kingham makes no argument for tolling the statute of limitations, and no basis for tolling is apparent from the record. Therefore, Kingham's complaint must be dismissed as untimely.

### III.     Order

It is ORDERED that the motion to dismiss by defendants Phan and Sosa (Doc. # 19) is GRANTED;

It is FURTHER ORDERED THAT the complaint (Doc. # 1) is DISMISSED WITH PREJUDICE; and

It is FURTHER ORDERED that all other pending motions are DISMISSED AS MOOT.

SIGNED on this 26th day of July, 2017.

_____
Kenneth M. Hoyt
United States District Judge